FILED

2008 Jul-24  PM 03:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KENYA RUTH, et al.,            }
                               }
        Plaintiffs,            }
                               }     CIVIL ACTION NO.
v.                             }     08-AR-0624-S
                               }
AT&T CORPORATION, et al.,      }
                               }
        Defendants.            }


**<u>MEMORANDUM OPINION</u>**

Before the court are the motions of defendants AT&T Corporation ("AT&T Corp."), BellSouth Corporation ("BellSouth Corp."), and BellSouth Telecommunications, Inc. ("BellSouth Telecommunications") (collectively, "defendants") to transfer and to dismiss the instant case. Because a decision on the motion to dismiss may result in conflicting rulings on substantially similar cases in this circuit, the first order of business is to rule on defendants' motion to transfer. For the reasons that follow, defendants' motion to transfer will be granted and the above-styled case will be transferred to the Northern District of Georgia.

**<u>FACTS</u>**

Plaintiffs Kenya Ruth ("Ruth") and Rosa Fisher ("Fisher") ("plaintiffs") filed this Fair Labor Standards Act ("FLSA") collective action on April 8, 2008. Plaintiffs are former employees of AT&T Corp. and worked at AT&T's BellSouth call centers in Birmingham, Alabama. They allege that they are part of a

1

national class of individuals who worked at defendants' call centers and who were not compensated for work they did at the beginning and end of each day and did not receive certain breaks in their work day. Plaintiffs claim that they and other similarly situated individuals worked, on average, thirty (30) minutes per day for which they were not compensated because defendants only paid them for the time they were logged into defendants' computer system rather than for the time they actually worked. Plaintiffs claim that the defendants' actions constitute violations of the FLSA, 29 U.S.C. § 206 *et seq*. Since Ruth and Fisher filed their complaint, eight (8) additional employees of defendants have filed consent-to-sue forms and have joined this action. Seven (7) of these additional plaintiffs are Alabama residents, and one resides in Tennessee.

Defendants argue that this action should be transferred to the Northern District of Georgia because this case is virtually identical to a case pending in that court, and that the Georgia case was filed before this case was filed. In the Northern District of Georgia, the Honorable Orinda D. Evans is presiding over *Nikole Brooks and Nicole Russo v. BellSouth Telecommunications, Inc.*, No. 07-3054 (the "Brooks action"), which was filed on December 10, 2007. That suit was originally filed naming AT&T Corp., AT&T Inc., and BellSouth Corporation as defendants. It has since been amended to name BellSouth

Telecommunications as the only defendant.  In that case, the plaintiffs, current and former employees of BellSouth Telecommunications, are suing on behalf of themselves and other similarly situated individuals without geographical limit who were not compensated for time they worked both before and after they logged into BellSouth's computer system and/or were not given breaks to which they were entitled.  The Brooks plaintiffs allege that on average, they were not compensated for approximately thirty (30) minutes of work per day that usually resulted in overtime hours.  The Brooks action asserts that BellSouth is liable for FLSA violations under 29 U.S.C. § 206 *et seq*.  In the Brooks action, over forty (40) opt-in consent forms have been filed to add other plaintiffs to the suit, and all the plaintiffs have moved the court to conditionally certify the case as an FLSA collection action, an issue still pending before Judge Evans.

### DISCUSSION

Defendants invoke the so-called "first-filed" rule and, alternately, invoke 28 U.S.C. § 1404(a) to assert that the Northern District of Georgia is the proper venue.  The "first-filed" rule applies here.  Its application leads this court, in its discretion, to transfer the case to the Northern District of Georgia, making it unnecessary to conduct a § 1404(a) venue analysis.

The Supreme Court has stated, "[a]s between federal district courts... the general principle [regarding proceedings concerning

the same matter] is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1247 (1976).  The Eleventh Circuit and most other federal circuit courts have recognized the "first-filed" rule as a method of avoiding duplicative litigation.  The Fifth Circuit has made clear that the purpose of the rule "is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *The Cadle Company v. Whataburger*, 174 F.3d 599, 603 (5th Cir. 1999) (citations omitted).

In the Eleventh Circuit, the "first-filed" rule was first articulated in *Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982): "[i]n absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case."  The Eleventh Circuit later went on to note:

> Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule... We are no exception... we require that the party objecting to jurisdiction in the first-filed forum carry the burden of proving "compelling circumstances" to warrant an exception to the first-filed rule.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (citations omitted).  Thus, in the Eleventh Circuit the presumption is that a later-filed suit involving overlapping issues and parties should be transferred to the forum in which the first-filed case

was filed unless compelling circumstances exist to suggest otherwise. *See Marietta Drapery & Window Coverings v. N. River Ins. Co.*, 486 F. Supp. 2d 1366, 1369 (N.D. Ga. 2007); *see also D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("Where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.").

Other courts, in applying the "first-filed" rule, have found that for the issues and parties to be "overlapping," they need not be identical, and when the issues and parties are not identical, transfer based on the rule is within the discretion of the second-filed court and is evaluated on a case-by-case basis. "The rule does not... require that cases be identical. The crucial inquiry is one of 'substantial overlap'... Regardless of whether or not the suits here are identical, if they overlap on the substantive issues, the cases would be required to be consolidated in the jurisdiction first seized of the issues." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 951 (5th Cir. 1997) (quoting *Mann Mfg., Inc. v. Hortext, Inc.*, 439 F.2d 403, 408 n.6 (5th Cir. 1971))(internal punctuation omitted). "Where the overlap between two suits is less than complete, the judgment is made case by case, based on factors as the extent of overlap, the likelihood of conflict, the comparative advantage, and the interest of each forum in resolving the dispute." *TPM Holdings, Inc. v. Intra-Gold*

*Indus., Inc.* 91 F.3d 1, 4 (1st Cir. 1996).  The Fifth Circuit requires that "once the [second-filed] district court [finds] that the issues might substantially overlap, the proper course of action [is] for the [second-filed] court to transfer the case to the [first-filed] court." *Cadle*, 174 F.3d at 606.  While the decisions and rules of other federal circuits are not binding precedent on the court, they are persuasive and instructive in how to rule on defendants' motion.

Here, the alleged conduct of the defendants is virtually the same as the complained-of conduct in the Brooks action.  In fact, most of the allegations in this complaint duplicate the language in Brooks.  BellSouth Telecommunications is a common defendant in both actions.  Although the plaintiffs here were technically employed by AT&T Corp., they worked at BellSouth call centers, the same call centers (although located in different cities) where the Brooks plaintiffs worked or work.  According to defendants' corporate disclosure statement, BellSouth Telecommunications, the common defendant between this case and the Brooks action, is a wholly-owned subsidiary of AT&T Inc., also a named defendant in this case.  The other named defendant in this case, AT&T Corp., is another wholly-owned subsidiary of AT&T Inc.  Essentially, both cases involve the same defendants with the same claims being alleged.

Plaintiffs argue that they are not involved in the Brooks action and that, as a result, the two cases involve different

parties.    Plaintiffs also note that because this case and the Brooks action involve opt-in classes, they may be comprised of wholly different class members.    Additionally, plaintiffs claim that an FLSA collective action precludes the use of the "first-filed" rule because any potential plaintiff who does not choose to opt in to either of these actions will not be bound by a judgment in that action, as they would be in a Rule 23 class action.    The court does not find plaintiffs' arguments convincing.

Both the plaintiffs here and the Brooks plaintiffs describe in their complaints putative classes that are comprised of the exact same individuals.    If Judge Evans were to grant conditional certification of the Brooks plaintiffs' class, and if this court were to do the same, potential class members would receive opt-in notices from both courts, creating confusion for potential collective class members who are not familiar with the ins and outs of FLSA collective actions.    *See Fuller v. Abercrombie & Fitch Stores*, 370 F. Supp. 2d 686, 690 (E.D. Tenn. 2005) ("For if both actions proceed, the same individuals could receive two opt-in notices for the same claim but in different courts.    That such a confusing result could occur evidences that the collective classes are substantially similar.").    Although the plaintiffs who have chosen to opt-in to this collective action and who have chosen to opt-in to the Brooks collective action are different, the classes they purport to represent are the same.    Essentially, both actions are dealing with the same group of plaintiffs.

Plaintiffs here argue that allowing both cases to continue would not create the problems of dueling Rule 23 class actions because FLSA plaintiffs are not bound by a decision until they opt-in to the action in which the decision is made. Therefore, they assert that it is proper for both of these cases to proceed simultaneously. However, this scenario precisely illustrates the problem. A potential member of either this collective action or the one in Brooks need only observe the progression of each case, determine which court it believes to be the more favorable venue to the plaintiff, and then opt-in at that point. The undersigned and Judge Evans have been known to reach different conclusions on virtually identical facts. *Compare Oliver v. Coca-Cola Co.*, 397 F. Supp. 2d 1327 (N.D. Ala. 2005) *with White v. Coca-Cola Co.*, 514 F. Supp. 2d 1353 (N.D. Ga. 2007). The Eleventh Circuit is in the midst of trying to decide which judge is right. There is a possibility that different opt-in plaintiffs could receive differing judgments for the same defendants' conduct. This is precisely the type of problem that the "first-filed" rule is designed to avert.

Two other district courts have previously addressed this issue in cases with facts nearly identical to those here. In *White v. Peco Foods, Inc.*, 546 F. Supp. 2d 339, 340-43 (S.D. Miss. 2008), the district judge transferred an FLSA collective action before him to the Northern District of Alabama because another FLSA collective

action had been filed there first and because both cases involved the same defendant, same class descriptions, and same allegations against the defendant, indicating that there was "substantial overlap" between the actions.  The two cases discussed in *White* involved employees and former employees of Peco claiming that they were not compensated for time spent at work before and after they engaged in their primary jobs.  *Id.* at 342.  Although the plaintiffs were not exactly the same in the two cases, the transferring judge found that because the class descriptions were essentially the same, substantial overlap was present, and thus the "first-filed" rule mandated transfer.  *Id.* 342-43.  There is no reason to differentiate between *White* and this case.  Plaintiffs have not pointed to "compelling circumstances" in this case that were not present in *White* that would justify this court in not applying the "first-filed" rule.

Also directly on point is *Fuller*, a second-filed collective action alleging FLSA violations against a national employer.  In *Fuller*, the plaintiff, purporting to represent other similarly-situated individuals, was a former clothing store employee who claimed that he was not paid appropriate overtime wages.  *Id.* at 688.  Another FLSA collective action had previously been filed in an Ohio district court and named a different plaintiff but described the same collective class.  *Id.* at 689.  Fuller argued that, in addition to the named plaintiffs being different, because

9

of the opt-in feature present in FLSA collective actions, the two putative classes could be different, and therefore the cases were not substantially similar, precluding application of the "first-filed" rule. *Id.* The district court in *Fuller* expressly rejected this argument and found that because the claims in both cases were the same, the potential collective classes were the same, the named parties in the different cases held the same positions with the same employer, the defendants were the same, and the crucial legal issues were the same, the cases overlapped substantially. *Id.* at 689-90. In order to prevent inconsistent outcomes, the "first-filed" rule should apply. *Id.*

Plaintiffs attempt to distinguish *Fuller* by arguing that, in contrast to the *Fuller* defendant, the defendants here, in opposing the Brooks plaintiffs' motion for conditional certification, have precluded the application of the "first-filed" rule by asserting that the plaintiffs in the Brooks action require individualized consideration of their claims. First, plaintiffs' efforts to point out inconsistencies in defendants' arguments in the two different courts are inapplicable to this court's "first-filed" rule inquiry. In the Georgia court, defendants argue that conditional class certification would be improper because the adjudication of each individual plaintiff's case requires an individual evaluation of that plaintiff's work hours and habits. Plaintiffs in this case argue that such a position is inconsistent with the argument for

transfer to Georgia based on the "first-filed" rule.  This argument is flawed.  Whether or not class certification is the best way to adjudicate all of the FLSA cases pending against defendants does not change the fact that this case and the Brooks action are substantially related.  As a result, any attempt to point out what plaintiffs perceive as an inconsistent argument on the part of defendants is unsuccessful in distinguishing this case from *Fuller*. The arguments of the defendants in either case do not change the fact that here and in *Fuller*, the second-filed court is dealing with substantially similar cases.  Thus, this court reaches the same conclusion as the district court did in *Fuller*.  Plaintiffs' argument that the "first-filed" rule is inapplicable in FLSA collective actions is clearly contradicted by the recent holdings in *Fuller*, *White*, and in other cases.  *See, e.g., Jumapao v. Wash. Mut. Bank*, No. 06-2285, 2007 WL 4258636 (S.D. Cal. Nov. 30, 2007). Thus, plaintiffs' claim that the "first-filed" rule is inapplicable here because of the nature of their claims is unavailing.

Much of plaintiffs' brief is centered on applying the factors listed in 28 U.S.C. § 1404(a) and arguing that under that statute, a transfer of venue would be improvident.  However, a transfer of venue via the "first-filed" rule is not the same as a typical venue problem and is in fact a wholly separate and distinct inquiry.  A court may elect to transfer an action pursuant to the "first-filed" rule without delving into the intricacies of venue law and §

1404(a).  *See, e.g., Fuller*, 370 F. Supp. 2d at 690-91 ("It is important to clarify that Fuller's action is not being transferred under 28 U.S.C. § 1404(a).  Rather, this case is being transferred pursuant to the Court's inherent authority under the first-to-file rule... Because Fuller's action will be transferred under the first-to-file rule, the Court does not address, and expresses no opinion on whether a transfer pursuant to § 1404(a) would be proper."); *White*, 546 F. Supp. 2d at 343 ("[A] motion to transfer pursuant to the first-to-file rule does not depend on the presence or absence of the § 1404(a) considerations... Because the Plaintiff's action will be transferred under the first-to-file rule, the Court does not address, and expresses no opinion on, whether a transfer pursuant to § 1404(a) would be proper").  Thus, it is unnecessary to discuss § 1404(a) here.  The "first-filed" rule is enough to justify the transfer of this action.

Finally, plaintiffs express some concern that conflicting judgments could be entered even if this case is transferred because a transfer to the Northern District of Georgia does not automatically mandate that Judge Evans will be assigned to this case.  It is only the duty of this court to decide whether the "first-filed" rule applies.  Once it is decided that a transfer of venue is necessary, the first court has the prerogative to decide whether the transferred case should be consolidated with the existing one or otherwise dealt with.  *See Marietta Drapery*, 486 F.

Supp. 2d at 1369-70 (quoting *Cadle*, 174 F.3d at 606)("Courts applying [the first-filed] rule generally agree that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."). Thus, when this case is transferred to the Northern District of Georgia, the judge who gets the case - whether it be Judge Evans or not - will decide whether the two cases are best suited to be heard together or whether this second, duplicative action should be allowed to proceed on its own, if at all. This court does not have the power to make that decision.

## CONCLUSION

The court in *White* best states why transfer of this case is proper:

> The enforcement of different judgments within the same [place of employment] threatens to trench upon the authority of a sister court with coordinate jurisdiction and equal rank, as the two courts risk contradictory decisions on the same subject matter. And even if the possibility of incompatible judgments were ignored, there remains the unavoidable duplication of effort in having separate courts work to arrive at the same decision.

*White*, 546 F. Supp. 2d at 343. The "first-filed" rule is clearly applicable in this case. There are overlapping parties and issues here, and the instant case and the Brooks action are substantially similar. Plaintiffs have not articulated compelling circumstances demonstrating an exception to this rule. As a result, defendants'

motion to transfer will be granted by separate order.

   **DONE** this 24th day of July, 2008.

                                   WILLIAM M. ACKER, JR.
                                   UNITED STATES DISTRICT JUDGE